IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GEOFFREY H. ANDERSON,

    Petitioner,

vs.                                              Case No. 4:06cv547-SPM/WCS

SHERIFF LARRY CAMPBELL,[1]

    Respondent.

                               /


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner initiated this case by filing a 28 U.S.C. § 2241 petition. Doc. 1.

At the time Petitioner filed the petition on November 30, 2006 (the date of mailing), he was at the Leon County Jail. On January 8, 2007, Petitioner was transferred to the Florida State Hospital. Docs. 11, 24 p. 2. The court noted a number of concerns regarding the claims raised in the petition, including possible mootness

---

[1] After Petitioner was committed to the Florida State Hospital, the court substituted the Administrator there as Respondent. Doc. 17. Petitioner has been returned to the Leon County Jail, and the Sheriff is again the proper Respondent.

following Petitioner's transfer. Doc. 12, p. 3. Petitioner was directed to "*either* show cause why his case is not moot, and set forth exceptional circumstances and exhaustion of state remedies as explained in this order, *or* he shall file a notice of voluntary dismissal without prejudice." *Id.*, p. 4 (emphasis in original).

Petitioner filed a response to the order and supporting exhibits, clarifying that he is challenging the proceedings in Escambia County, and claiming he exhausted all possible state remedies. Doc. 13. The court substituted the Administrator of the Florida State Hospital as Respondent, directed the clerk to serve docs. 1, 4, 8, 12, and 13[2] on Respondent, and directed Respondent to file a response. Doc. 17.

Respondent filed a response with exhibits. Doc. 18. Petitioner filed a reply with exhibits. Doc. 19. Respondent filed a motion to strike the reply, asserting that it includes personal attacks on people associated with the case, particularly counsel for Respondent. Doc. 20. Petitioner then filed an addendum to the reply, and a response to the motion to strike. Docs. 21 and 23.

Respondent filed a "motion to stay, and for re-pleading," asserting changed circumstances. Doc. 22. In particular, the fact that Petitioner – previously adjudged incompetent to proceed[3] – was found competent to stand trial on June 6, 2007. *Id.*, p. 2. Respondent asked for a 90 day stay to allow the Leon County court the opportunity

---

[2] These included, respectively, Petitioner's § 2241 petition, notice of filing exhibits, notice of filing timeline and documents, the court's order for Petitioner to show cause, and Petitioner's response to the order.

[3] Doc. 18, Ex. K (order of incompetency to proceed and commitment to the Department of Children and Families, dated October 24, 2006). Petitioner claims he is challenging the commitment order, but not in this proceeding. Doc. 19, p. 9.

to act on this evaluation. A supplement to the motion was filed, indicating that a competency hearing was held on July 13, 2007, Petitioner was found competent to proceed to trial, a public defender was appointed, and a case management conference was set for July 27, 2007. Doc. 25.

Petitioner filed an objection and a motion to strike the motion to stay and for repleading. Docs. 24 and 28. He filed a document titled "'Mouthpiece' in the Media." Doc. 26. Respondent filed a motion to strike this document. Doc. 27. Petitioner filed a motion to strike the motion to strike. Doc. 29.

The court has reviewed Petitioner's claims for habeas corpus relief and the arguments and record supplied by Respondent. As Petitioner is not entitled to relief in any event, determination of the various other motions would be a waste of judicial effort. Petitioner uses unnecessary and abusive language, which he claims is protected by the First Amendment, but objections only seem to escalate his abuse. For example, Petitioner refers to counsel for Respondent as a "mouthpiece," and in response to counsel's objection submits a newspaper article which uses this term (in the headline) referencing a state employee promoted to communications director for the governor. Doc. 26, attachment. "'Mouthpiece' McCoy's opposition to the English language," Petitioner concludes, "is the result of a mental disorder." Doc. 26, p. 1.

Terms or phases which might be appropriate in newspapers or other contexts are not necessarily appropriate in court. The rules provide that by presenting a document to the court, an attorney or pro se party is certifying, *inter alia*, that "it is not being presented for any improper purpose" such as harassment. Fed.R.Civ.P. 11(b). Rule 11 provides for sanctions on violation of the rule. Further, the court may strike from a

pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(g). "Nothing in our liberal pro se practice dictates that this court receive abusive documents," containing comments "beneath the dignity of this court." Theriault v. Silber, 574 F.2d 197, 197 (5th Cir.1978) (granting Rule 12(f) motion to strike notice of appeal, which contained "disrespectful and impertinent references to the trial judge.").

But while the court may have the authority to strike some of these arguments, or even to impose sanctions, it is doubtful Petitioner would cease his behavior, and monetary sanctions would be a hollow victory for Respondent given Petitioner's indigence. Moreover, it plainly appears that Petitioner is not entitled to any relief in this court, and it is recommended that the case be dismissed. The motions to strike will be denied as moot.

A petitioner must demonstrate "exceptional circumstances creating a threat of irreparable injury 'both great and immediate,'" to justify federal court interference in a pending state prosecution. Kugler v. Helfant, 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15 (1975), *discussing* Younger v. Harris, 401 U.S. 37. 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005) (discussing Younger). Petitioner must also demonstrate exhaustion of remedies. Hughes, 377 F.3d at 1262 and n. 4. This was previously explained to Petitioner. Doc. 12, p. 3.

Petitioner here challenges only the Escambia County charge, for harassing communications (a second degree misdemeanor), and not the Leon County felony charges. Doc. 13, pp. 2, 5-6. The Escambia County misdemeanor case number is 2006 MM 020475. Doc. 18, Ex. A (doc. 18-2, pp. 4-6 in ECF, the Electronic Case Filing

system).[4]  The charge involves telephone calls made to a law firm in Escambia County, were allegedly made by Petitioner from his Tallahassee residence.  *See* Doc. 18, Ex. C (18-2, pp. 14-19 in ECF).[5]

Petitioner was arrested in Leon County on December 13, 2005, and bonded out on December 24, 2005.  Doc. 8, Att. 1, pp. 1-2 (doc. 8, pp. 5-10 in ECF).[6]

On December 30, 2005, Petitioner was arrested in Leon County on unrelated charges.  Att. 1, p. 2 (p. 6 in ECF).  As a result of his confinement on the unrelated charges, Petitioner did not appear for his scheduled court date in Escambia County, and a capias was issued.  Ex. A (18-2, pp. 4-6).

Petitioner filed a motion for discharge in the misdemeanor case.  Att. 1 (pp. 5-10 in ECF).  It was docketed on August 30, 2006.  Ex. A, p. 2 (p. 5 in ECF).  The motion was denied without discussion.  Att. 2 (doc. 8, p. 11 in ECF).  Petitioner also filed aa notice of expiration of speedy trial time, which was denied on September 12, 2006.  Att. 3 and 4 (pp. 12-16 in ECF).

---

[4] Some exhibits have been submitted multiple times, but only one reference is made here.  Reference to exhibits are to those supplied by Respondent with doc. 18 unless otherwise noted.  References to these and other exhibits are followed in parenthesis by reference to the document and page numbers assigned electronically, in ECF (electronic case filing).

[5] The law firm receiving the calls was representing Petitioner's sister in litigation against Petitioner.  Threatening statements were made by the caller, for example "get out of the building now" and "don't get caught in the crossfire."  *Id.*

[6] Hereafter, references to attachments are to those submitted with Petitioner's notice of filing timeline and documents (doc. 8) unless otherwise noted.  Numbers are not marked on the attachments, but they are listed by number (1 through 11) in the timeline preceding the attachments.  Doc. 8, pp. 3-4 in ECF.

Case No. 4:06cv547-SPM/WCS

Petitioner filed a petition for writ of prohibition in state circuit court. Att. 6 (pp. 17-31 in ECF). The proceeding was assigned case number 2007 CA 191. Ex. E (docket sheet). Petitioner also filed a petition for writ of prohibition in the Florida Supreme Court, case SC06-2030. Doc. 8-3, Att. 10 (doc. 8-4, pp. 5-13 in ECF). On October 24, 2006, the Florida Supreme Court, treating it as a mandamus petition, transferred the case to the circuit court with instructions to expedite consideration as it appeared time sensitive. *Id.*, (doc. 8-4, p. 15 in ECF). Another petition for writ of habeas corpus filed with the Florida Supreme Court was transferred by that court to the circuit court on December 14, 2006, to be considered with the previously transferred SC06-2030 case. Doc. 13, Ex. A (doc. 13-2, p. 2 in ECF).

There was correspondence from the circuit court clerk regarding payment of the filing fee. Ultimately indigent status was approved on November 28, 2006, and Petitioner required to pay a partial fee of $25.00. Doc. 13, Ex. A (doc. 13-2, p. 7 in ECF). The letter noted that two different petitions had been submitted, one styled for the circuit court, titled a Petition for Writ of Prohibition, and one transferred from the Supreme Court, titled a Petition for Writ of Prohibition and/or Writ of Mandamus. *Id.*

Petitioner filed a petition for writ of habeas corpus in the appellate court on December 6, 2006, assigned case number 1D06-6289. 13-2, p. 9.

In Circuit Court case 2007 CA 191, an order directing Respondent to show cause was issued on February 9, 2007. Ex. F (doc. 18-4, pp. 2-3 in ECF). The State filed a response on March 8, 2007. Ex. G.[7]

---

[7] This is obviously an abbreviated history; the docket reflects many documents filed in the case. Ex. E.

The petition for writ of prohibition was denied by order of March 23, 2007, finding that prohibition was not the appropriate proceeding. Ex. H. But the court also directed "that the lower court hold an evidentiary hearing on the motion for discharge in the pending misdemeanor matter." Ex. H (doc. 18-4, p. 12 in ECF).[8] Petitioner did not await the scheduling of a hearing, however. He filed a notice of appeal, assigned case number 1DO7-1717. Ex. E, p. 2 (doc. 18-3, p. 20 in ECF). The case remains pending; review of the current docket (available at www.1DCA.org) reveals that the time for filing an answer brief was recently extended to September 1, 2007.

It seems that a hearing would have been well received by Petitioner, as it would address his concerns regarding a speedy trial. *See, e.g.*, doc. 19, pp. 3, 4, 14 (complaining that a hearing should have been held on Petitioner's motion for discharge). Yet Petitioner refers to the "absurd" order directing a hearing as "procedurally inappropriate, statutorily improper, and simply a 'device' by an incompetent lower court judge" to delay resolution of the expired misdemeanor charge. Doc. 19, p. 19. However, Petitioner also notes that postponement of execution of the order has not been requested or granted. *Id.*

While the appeal is pending, the lower court is without jurisdiction to continue proceedings or hold the hearing directed in the order from which Petitioner has taken an appeal. *See* Ex. M (doc. 18-5, pp. 10-11 in ECF) (circuit court order dismissing petition for writ of habeas corpus for lack of jurisdiction, as Petitioner had filed a notice of appeal from the order denying motion to disqualify judge).

---

[8] Based on this order, a petition for writ of mandamus in 1D06-6289 (docket available at www.1DCA.org) was denied as moot on April 10, 2007.

Exceptional circumstances which would justify federal court interference in state court proceedings have not been shown.  The state courts are proceeding in this case, hampered perhaps only by Petitioner's constant filings.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (doc. 1, as supplemented), be **DENIED**, and that the various motions to strike and to stay (docs. 20, 22, 27, 28, and 29) be **DENIED AS MOOT**.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**